GARRITY, GRAHAM, FAVETTA & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042
Telephone: 973-509-7500

```
Attorneys for Plaintiff, Hanover Insurance Company
Our File No. 450.17737/FXG
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE - MISCELLANEOUS CASE NO. 05-230
```

**FILED**
JUN 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

```
HANOVER INSURANCE COMPANY,        :    UNITED STATES DISTRICT COURT
                                  :    FOR THE DISTRICT OF NEW JERSEY
          Plaintiff               :
                                  :
     vs.                          :    CIVIL ACTION NO. 05-1591 (JWB)
                                  :
CANAL INSURANCE COMPANY           :         SUBPOENA DUCES TECUM
                                  :
          Defendant.              :
                                  :
```

TO: **Cheryl Hurlock c/o Pratt Insurance Services, Inc.**

YOU ARE HEREBY COMMANDED to attend and give testimony at the offices of **Pratt Insurance Services, 4 Village Square, Smyrna, Delaware**, on **June 23, 2006**, at **12:30 p.m.** on the part of plaintiff, Hanover Insurance Company, and that you have and bring with you and produce at the same time and place, the following:

1. All underwriting files, insurance applications, and all motor vehicle insurance policies issued to Christiana Motor Freight since Canal began writing insurance for said insured.

2. Any and all documents indicating the ownership, license plate numbers, VIN Numbers and other information concerning any vehicles insured under any Canal policy issued to Christiana Motor Freight between January 1, 2001 and January 1, 2004.

3. Any and all documents in any way relating to any vehicles which were specifically named on Canal policy number 395905, including information concerning the ownership of said vehicles, their VIN Numbers, license plate numbers, as well as any title documents, registrations or other documents relating to the ownership of said vehicles.

4. Any and all trip leases or other leases pursuant to which

Sherman Dunn was to operate vehicles on behalf of Christiana Motor Freight, Inc.

5. Any and all documents terminating any leases pursuant to which Sherman Dunn was to operate vehicles on behalf of Christiana Motor Freight, Inc., including, but not limited to, any and all documents relating to the lease and/or termination of the lease of a 1993 Freightliner tractor bearing VIN No.: 2FUYDXYB4PA416131.

6. Any and all documents relating to the deletion of the aforesaid 1993 Freightliner tractor bearing VIN No.: 2FUYDXYB4PA416131 from the Canal policy number 395905 effective November 1, 2003.

7. Any and all correspondence between Pratt Insurance, Inc. and Canal Insurance Company concerning any policy of motor vehicle insurance issued at any time by Canal Insurance Company to Christiana Motor Freight, Inc. and concerning any vehicles to be insured under said policies.

8. Any and all documents indicating which vehicles were insured by Canal Insurance Company under its policy 395905 as of October 17, 2003.

9. Any and all documents, including title certificates, registrations, documents relating to VIN Numbers or license plate numbers of the tractor and trailer which were being used by Sherman Dunn on October 17, 2003 and which were at the premises of NCS Enterprises, Millville, New Jersey, on October 17, 2003.

10. Any and all correspondence between Canal Insurance Company and Pratt Insurance Inc. in any way relating to Christiana Motor Freight Inc., or any policies of insurance issued by Canal Insurance Company to Christiana Motor Freight Inc.

11. Any and all documents relating to the operation of Christiana Motor Freight Inc. as an I.C.C. carrier.

12. Any and all documents referring to the I.C.C. number and/or decals of Christiana Motor Freight Inc.

13. Any and all documents relating to the decals, signage or other information on the tractor being used by Sherman Dunn on October 7, 2003, as to specifically what information was contained on Mr. Dunn's tractor, including the name and address of Christiana Motor

2

Freight Inc., its I.C.C. number or any other information concerning same.

14. Any and all documents in any way relating to the underwriting of Christiana Motor Freight Inc. by Canal Insurance Company at any time.

15. Any and all documents regarding the addition or deletion of any vehicles on any policy of automobile, trucks or other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight, Inc. between January 1, 2000 and January 1, 2004.

16. Any and all documents previously submitted to the firm of Garrity, Graham, Favetta & Flinn, P.C. in connection with a deposition of Midge Clark of Pratt Insurance Services and previously scheduled for December 6, 2005.

17. Any and all agency agreements, contracts or other agreements between Pratt Insurance Services, Inc. and Canal Insurance Company in effect at any time between January 1, 2000 and present.

Failure to comply with this Subpoena will subject you to a penalty, damages in a Civil Suit and punishment for contempt of Court.

Dated: June 7, 2006

_____          _____
FRANK R. CINQUINA                  William T. Walsh, Clerk

Attorney for Plaintiff, Hanover Insurance Company

3

## PROOF OF SERVICE

On                              , 2006, I, the undersigned, being over the age of 18, served the within Subpoena by delivering a copy thereof to the person named therein, at
and by tendering to such person the attendance fee of $       and mileage of $      as allowed by law.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____

Address for Service:     Cheryl Hurlock
                         c/o Pratt Insurance Services, Inc.
                         4 Village Square
                         Smyrna, DE 19977

| PROOF OF SERVICE | |
|---|---|
| **SERVED** DATE 6/13/06 | PLACE 4 VILLAGE SQ. SMYRNA, DE |
| SERVED ON (Print Name) CHERYL HURLOCK | MANNER OF SERVICE ACCEPTED BY CHERYL HURLOCK |
| SERVED BY (Print Name) GRANVILLE MORRIS | TITLE Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

**Executed on:**    6/13/06

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. O. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

---

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Curt shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the Court shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance,
      (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iii) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*(e) Contempt.*

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.