GARRITY, GRAHAM, FAVETTA & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042
Telephone: 973-509-7500
Attorneys for Plaintiff, Hanover Insurance Company
Our File No. 450.17737/FXG
UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE - MISCELLANEOUS CASE NO. 05-230

| | | |
|---|---|---|
| HANOVER INSURANCE COMPANY, | : | UNITED STATES DISTRICT COURT FOR |
| | : | THE DISTRICT OF NEW JERSEY |
| Plaintiff | : | |
| | : | Civil Action No. 05-1591 (JWB) |
| vs. | : | |
| | : | |
| CANAL INSURANCE COMPANY | : | SUBPOENA DUCES TECUM |
| | : | |
| Defendant. | : | |
| | : | |

TO: **SHERMAN DUNN**

YOU ARE HEREBY COMMANDED to attend and give testimony at the offices of **Swartz Campbell, 300 Delaware Avenue, Suite 1130, Wilmington, Delaware**, on **June 29, 2006**, at **1:30 p.m.** on the part of plaintiff, Hanover Insurance Company, in the above-entitled action.

You are to bring with you:

1. Any and all registrations, title certificates, evidence of ownership or other documents regarding the ownership of the tractor which had been operated by Sherman Dunn which was at the premises of NCS Enterprises, Millville, New Jersey at the time of Sherman Dunn's accident of October 17, 2003.

2. Any and all registrations, title certificates, evidence of ownership or other documents regarding the ownership of the trailer which had been operated by Sherman Dunn which was at the premises of NCS Enterprises, Millville, New Jersey at the time of Sherman Dunn's accident of October 17, 2003.

3. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 1993 International tractor VIN number 1HSRKA5R2PH474937.

4. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 1994 Peterbilt tractor VIN number 1XPFD59X4RN344280.

5. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 2000 Freightliner tractor VIN number 1FUPFDZB1YLF05754.

6. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 1993 Freightliner tractor Vin number 2FUYDXYB4PA416131.

7. Any trip leases pursuant to which Sherman Dunn was to operate motor vehicles for Christiana Motor Freight between , which were in effect on October 17, 2003.

8. Any and all documents terminating any trip leases pursuant to which Sherman Dunn was to operate motor vehicles for Christiana Motor Freight subsequent to October 17, 2003.

9. Any and all 1099 forms furnished to Sherman Dunn by Christiana Motor Freight for the years 2000, 2001, 2002 and 2003.

10. Any W-2 forms furnished by Christiana Motor Freight to Sherman Dunn for the years 2000, 2001, 2002 and 2003.

11. Any and all tax returns for Sherman Dunn for the years 2000, 2001, 2002 and 2003.

12. Any and all registrations, title certificates, other evidence of ownership or other documents relating to the ownership of all vehicles insured under any policies of automobile insurance, truckers insurance or other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight, which policies were in effect on October 17, 2003.

13. Any and all policies of automobile liability insurance, truckers insurance, or any other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight, which policies were in effect on October 17, 2003.

14. Any and all documents setting forth and/or relating to the license plate number for the tractor which had been operated by Sherman Dunn and which was at the premises of NCS Enterprises, Millville, New Jersey on October 17, 2003.

15. Any and all documents reflecting or relating to the license plate number of the trailer attached to the tractor which had been operated by Mr. Dunn and which was being unloaded at the premises of NCS Enterprises in Millville, New Jersey on October 17, 2003.

16. Any and all documents reflecting or relating to the license plate number of 1993 International tractor VIN number 1HSRKA5R2PH474937, 1994 Peterbilt tractor VIN number 1XPFD59X4RN344280, 2000 Freightliner tractor VIN number 1FUPFDZB1YLF05754, and 1993 Freightliner tractor VIN number 2FUYDXYB4PA416131.

17. Any and all documents relating to the license plate number of all tractors insured under all policies of automobile insurance, truckers insurance or other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight which policies were in effect on October 17, 2003.

18. Any and all documents indicating the I.C.C. number of Christiana Motor Freight, Inc. on October 17, 2003.

19. Any and all documents indicating whether Christiana Motor Freight's name, I.C.C. number and/or decal were on the tractor being used by Sherman Dunn on October 17, 2003 at the premises of NCS Enterprises, Millville, NJ.

20. Any and all documents setting forth the exact I.C.C. number, name of Christiana Motor Freight, or other information which was on the tractor being used by Sherman Dunn on October 17, 2003 at the premises of NCS Enterprises, Millville, NJ at the time of Mr. Dunn's accident, including, but not limited to, whether Christiana Motor Freight's name, I.C.C. number and/or other information was on said tractor.

21. Any and all apportioned cab cards for 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131.

22. Any and all registrations for 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131.

23. Any and all documents relating to the sale by Sherman Dunn of 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131.

24. Any and all documents relating to the ownership of 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131 as of

October 17, 2003 or at any other time.

Failure to appear according to the command of this Subpoena will subject you to a penalty, damages in a Civil Suit and punishment for contempt of Court.

Dated: June 7, 2006

_____  _____
FRANK R. CINQUINA, ESQ.     William T. Walsh, Clerk
Attorney for Plaintiff, Hanover
Insurance Company

## PROOF OF SERVICE

On _____, 2006, I, the undersigned, being over the age of 18, served the within Subpoena by delivering a copy thereof to the person named therein, at
and by tendering to such person the attendance fee of $        and mileage of $     as allowed by law.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:


Address for Service:   **Sherman Dunn**
                       **9 Darwin Road**
                       **Newark, DE**

| PROOF OF SERVICE | |
|---|---|
| **SERVED** DATE  6/20/06 | PLACE  9 DARWIN RD  NEWARK, DE |
| SERVED ON (Print Name)  SHERMAN DUNN | MANNER OF SERVICE  ACCEPTED BY  DROP SERVE |
| SERVED BY (Print Name)  DE-NORRIS A. BRITT | TITLE  Private Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

**Executed on:** 6/20/06

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. O. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Curt shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance,
 (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iii) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) *Contempt.*

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.