Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**MISCELLANEOUS CASE NO.: 05-230**  **SUBPOENA IN A CIVIL CASE**

HANOVER INSURANCE COMPANY,

v.

CANAL INSURANCE COMPANY

Case Number: United States District Court for
the District of New Jersey
Civil Action No.: 05-1591

TO:  Sherman Dunn
9 Darwin Road
Newark, Delaware

__ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | Date and Time: |

__X__ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition: Swartz, Campbell<br>300 Delaware Ave., Ste.1130,<br>Wilmington, Delaware | Date and Time: August 24, 2006<br>1:00 p.m.. |
|---|---|

__X__ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects)
SEE ATTACHED LIST

| Place:  Swartz, Campell<br>300 Delaware Ave., Ste. 1130, Wilmington, Delaware | Date and Time: August 24, 2006<br>1:00 p.m. |
|---|---|

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| Premises: | Date and Time: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure , 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
_[signature]_ Attorney for Plaintiff    Date: August 8, 2006
ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Frank R. Cinquina, Esq., Garrity, Graham, Favetta & Flinn, P.C.
One Lackawanna Plaza, Montclair, New Jersey 07042 -(973) 509-7500

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on next page)
If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**DOCUMENTS TO BE PRODUCED**

1. Any and all registrations, title certificates, evidence of ownership or other documents regarding the ownership of the tractor which had been operated by Sherman Dunn which was at the premises of NCS Enterprises, Millville, New Jersey at the time of Sherman Dunn's accident of October 17, 2003.

2. Any and all registrations, title certificates, evidence of ownership or other documents regarding the ownership of the trailer which had been operated by Sherman Dunn which was at the premises of NCS Enterprises, Millville, New Jersey at the time of Sherman Dunn's accident of October 17, 2003.

3. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 1993 International tractor VIN number 1HSRKA5R2PH474937.

4. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 1994 Peterbilt tractor VIN number 1XPFD59X4RN344280.

5. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 2000 Freightliner tractor VIN number 1FUPFDZB1YLF05754.

6. Any and all registrations, title certificates or other evidences of ownership, as of October 17, 2003, of 1993 Freightliner tractor Vin number 2FUYDXYB4PA416131.

7. Any trip leases pursuant to which Sherman Dunn was to operate motor vehicles for Christiana Motor Freight between, which were in effect on October 17, 2003.

8. Any and all documents terminating any trip leases pursuant to which Sherman Dunn was to operate motor vehicles for Christiana Motor Freight subsequent to October 17, 2003.

9. Any and all 1099 forms furnished to Sherman Dunn by Christiana Motor Freight for the years 2000, 2001, 2002 and 2003.

10. Any W-2 forms furnished by Christiana Motor Freight to Sherman Dunn for the years 2000, 2001, 2002 and 2003.

11. Any and all tax returns for Sherman Dunn for the years 2000, 2001, 2002 and 2003.

12. Any and all registrations, title certificates, other evidence of ownership or other documents relating to the ownership of all vehicles insured under any policies of automobile insurance, truckers insurance or other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight, which policies were in effect on October 17, 2003.

13. Any and all policies of automobile liability insurance, truckers insurance, or any other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight, which policies were in effect on October 17, 2003.

14. Any and all documents setting forth and/or relating to the license plate number for the tractor which had been operated by Sherman Dunn and which was at the premises of NCS Enterprises, Millville, New Jersey on October 17, 2003.

15. Any and all documents reflecting or relating to the license plate number of the trailer attached to the tractor which had been operated by Mr. Dunn and which was being unloaded at the premises of NCS Enterprises in Millville, New Jersey on October 17, 2003.

16. Any and all documents reflecting or relating to the license plate number of 1993 International tractor VIN number 1HSRKA5R2PH474937, 1994 Peterbilt tractor VIN number 1XPFD59X4RN344280, 2000 Freightliner tractor VIN number 1FUPFDZB1YLF05754, and 1993 Freightliner tractor VIN number 2FUYDXYB4PA416131.

17. Any and all documents relating to the license plate number of all tractors insured under all policies of automobile insurance, truckers insurance or other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight which policies were in effect on October 17, 2003.

18. Any and all documents indicating the I.C.C. number of Christiana Motor Freight, Inc. on October 17, 2003.

19. Any and all documents indicating whether Christiana Motor Freight's name, I.C.C. number and/or decal were on the tractor being used by Sherman Dunn on October 17, 2003 at the premises of NCS Enterprises, Millville, NJ.

20. Any and all documents setting forth the exact I.C.C. number, name of Christiana Motor Freight, or other information which was on the tractor being used by Sherman Dunn on October 17, 2003 at the premises of NCS Enterprises, Millville, NJ at the time of Mr. Dunn's accident, including, but not limited to, whether Christiana Motor Freight's name, I.C.C. number and/or other information was on said tractor.

21. Any and all apportioned cab cards for 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131.

22. Any and all registrations for 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131.

23. Any and all documents relating to the sale by Sherman Dunn of 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131.

24. Any and all documents relating to the ownership of 1993 Freightliner tractor VIN No. 2FUYDXYB4PA416131 as of October 17, 2003 or at any other time.

25. Great American Assurance Company Policy No. ATP 9-81-35-09-0, issued to Sherman Dunn for the period 2/1/03 to 2/1/04.