Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**MISCELLANEOUS CASE NO.: 05-230**             **SUBPOENA IN A CIVIL CASE**

HANOVER INSURANCE COMPANY,

v.

CANAL INSURANCE COMPANY

Case Number: United States District Court for
the District of New Jersey
Civil Action No.: 05-1591

TO:  Jeffrey Good
S.T. Good Insurance
67 Christiana Road
New Castle, Delaware

__ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  | Date and Time: |

__X__  YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition: | Swartz, Campbell<br>300 Delaware Ave., Ste.1130,<br>Wilmington, Delaware | Date and Time: | August 24, 2006<br>11:00 a.m. |
|---|---|---|---|

__X__ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects)
SEE ATTACHED LIST

| Place: | Swartz, Campell<br>300 Delaware Ave., Ste. 1130, Wilmington, Delaware | Date and Time: | August 24, 2006<br>11:00 a.m. |
|---|---|---|---|

____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| Premises: | Date and Time: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure , 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
_____ Attorney for Plaintiff    Date: August 8, 2006
ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Frank R. Cinquina, Esq., Garrity, Graham, Favetta & Flinn, P.C.**
**One Lackawanna Plaza, Montclair, New Jersey 07042 -(973) 509-7500**

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on next page)
If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **DOCUMENTS TO BE PRODUCED**

1. All underwriting files, insurance applications, and all motor vehicle insurance policies issued to Christiana Motor Freight since Canal began writing insurance for said insured.

2. Any and all documents indicating the ownership, license plate numbers, VIN Numbers and other information concerning any vehicles insured under any Canal policy issued to Christiana Motor Freight between January 1, 2001 and January 1, 2004.

3. Any and all documents in any way relating to any vehicles which were specifically named on Canal policy number 395905, including information concerning the ownership of said vehicles, their VIN Numbers, license plate numbers, as well as any title documents, registrations or other documents relating to the ownership of said vehicles.

4. Any and all trip leases or other leases pursuant to which Sherman Dunn was to operate vehicles on behalf of Christiana Motor Freight, Inc.

5. Any and all documents terminating any leases pursuant to which Sherman Dunn was to operate vehicles on behalf of Christiana Motor Freight, Inc., including, but not limited to, any and all documents relating to the lease and/or termination of the lease of a 1993 Freightliner tractor bearing VIN No.: 2FUYDXYB4PA416131.

6. Any and all documents relating to the deletion of the aforesaid 1993 Freightliner tractor bearing VIN No.: 2FUYDXYB4PA416131 from the Canal policy number 395905 effective November 1, 2003.

7. Any and all correspondence between S.T. Good Insurance and Canal Insurance Company concerning any policy of motor vehicle insurance issued at any time by Canal Insurance Company to Christiana Motor Freight, Inc. and concerning any vehicles to be insured under said policies.

8. Any and all documents indicating which vehicles were insured by Canal Insurance Company under its policy 395905 as of October 17, 2003.

9. Any and all documents, including title certificates, registrations, documents relating to VIN Numbers or license plate numbers of the tractor and trailer which were being used by Sherman Dunn on October 17, 2003 and which were at the premises of NCS Enterprises, Millville, New Jersey, on October 17, 2003.

10. Any and all correspondence between Canal Insurance Company and S.T. Good Insurance in any way relating to Christiana Motor Freight Inc., or any policies of insurance issued by Canal Insurance Company to Christiana Motor Freight Inc.

11. Any and all documents relating to the operation of Christiana Motor Freight Inc. as an I.C.C. carrier.

12. Any and all documents referring to the I.C.C. number and/or decals of Christiana Motor Freight Inc.

13. Any and all documents relating to the decals, signage or other information on the tractor being used by Sherman Dunn on October 7, 2003, as to specifically what information was contained on Mr. Dunn's tractor, including the name and address of Christiana Motor Freight Inc., its I.C.C. number or any other information concerning same.

14. Any and all documents in any way relating to the underwriting of Christiana Motor Freight Inc. by Canal Insurance Company at any time.

15. Any and all documents regarding the addition or deletion of any vehicles on any policy of automobile, trucks or other motor vehicle insurance issued by Canal Insurance Company to Christiana Motor Freight, Inc. between January 1, 2000 and January 1, 2004.

16. Great American Assurance Company Policy No. ATP 9-81-35-09-0, issued to Sherman Dunn for the period 2/1/03 to 2/1/04.